## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

WENDY FRIEDRICH                              :
5716 Keenan Court                            :
Bensalem, PA 19020                           :
                                             :     CIVIL ACTION
                Plaintiff,                   :
                                             :     No. _____
        v.                                   :
                                             :
TERRA ABSTRACT, INC.                         :
1581 N. Main Street, Suite 200               :     **JURY TRIAL DEMANDED**
Warrington, PA 18976                         :
         and                                 :
STERN & EISENBERG, P.C.                      :
1581 N. Main Street, Suite 200               :
Warrington, PA 18976                         :
                                             :
                Defendants.                  :
_____:

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I.  INTRODUCTION

1.      This action has been initiated by Wendy Friedrich (*hereinafter* referred to as

"Plaintiff," unless indicated otherwise) to redress violations by Terra Abstract, Inc. and Stern &

Eisenberg, P.C. (*hereinafter* referred to collectively as "Defendants") of the Fair Labor Standards

Act ("FLSA" - 29 U.S.C. § 201, *et. seq*.) and applicable state law(s).  In short, Plaintiff was not

properly paid overtime compensation during her period of employ with Defendants.

### II.  JURISDICTION AND VENUE

2.      This action is initiated pursuant to a federal law.  The United States District Court

for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action

pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This

Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact. This Court would alternatively have jurisdiction under 28 U.S.C. § 1332 due to complete diversity and economic-qualifying claims for relief.

3.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

4.      Pursuant to 28 U.S.C. § 1391(b) (1), venue is properly laid in this district because Defendants are residents of this district. And the transactions or occurrences underlying Plaintiff's claims occurred within this District.

### III.  <u>PARTIES</u>

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Terra Abstract, Inc. ("Defendant TAI" where referred to individually) was founded in 1995 by attorneys. Defendant TAI has and continues to provide title search and settlement services for real estate transactions.

8.      Stern & Eisenberg, P.C. ("Defendant SE" where referred to individually) is a Southeastern Pennsylvania law firm focusing in several areas of legal practice, including real estate.

9.      Defendants TAI and SE are properly considered a single, joint and/or integrated employer of Plaintiff. Both entities oversaw the terms of and conditions of Plaintiff's employment and in essence an entangled and joint operations. Some examples of this include but are not limited to:

(1) Plaintiff was paid through Defendant TAI, and she received wage and tax information by and through Defendant TAI;

(2) Plaintiff was publicly held out as an employee of Defendant TAI, and the public would otherwise assume Plaintiff was an employee primarily of Defendant TAI;

(3) Defendant TAI and SE are located in the same building and the same suite;

(4) Defendant TAI is overseen by, managed by, and operated by Defendant SE;

(5) Defendant SE advertises for it's "affiliated title agency, Terra Abstract" on its own website;[1] and

(6) Defendants do not even try to maintain separate businesses without shared employees. Defendant SE's control over terms and conditions of employees such as Plaintiff is so pervasive, extensive, and direct that:

   i. Plaintiff's offer of employment and hiring information came from Defendant SE;

   ii. Dionne Daniels-Murray ("Murray") is the "HR Manager" of Defendant SE who administers benefit, leave, and compensation issues to and for employees of Defendant TAI and SE;

   iii. When Plaintiff was terminated from her employment on 3/5/21, the written communication and termination was by Defendant SE and through Murray; and

   iv. Following Plaintiff's termination, Defendant SE demanded all equipment or property of Defendant TAI to be returned.

(7) Thus, while Plaintiff may have been paid through Defendant TAI and represented to the public as an employee of Defendant TAI, she was

---

[1] *See* https://sterneisenberg.com/practices/real-estate-law/

controlled, managed, terminated, and had her benefits administered by Defendant SE.

10.     There is simply no question that Defendants, who operate from the same physical office with the same shared staff / management, jointly employed Plaintiff.

11.     At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. <u>FACTUAL BACKGROUND</u>

12.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

13.     Plaintiff was employed with Defendants for approximately 1 year. More specifically, Plaintiff was employed from or about March 9, 2020 through on or about March 5, 2021.

14.     While in the employ of Defendant, Plaintiff's direct supervisor was Carla Reyes (who was referred to as the "Executive Director").

15.     During Plaintiff's entire approximate year of employment, Plaintiff was referred to as a Settlement Officer. Plaintiff's general job and primary duties consisted of the following:

(1) Defendants marketed the product of providing title searches and handling closings, and Plaintiff had to assist with providing the very service (and product) for which Defendants were compensated;

(2) Plaintiff processed immense paperwork, verified loan information and payoffs, among other fees and costs;

(3) Plaintiff engaged in tremendous data entry and document printing, sorting, and document collection;

(4) Plaintiff prepared other requested template documentation to finalize a title search, closing or other matters related to the real estate transaction;

(5) Plaintiff would physically or otherwise assist with an actual real estate closing and handle the transfer of checks and signed documentation; and

(6) Defendants were paid for each transaction and closing Plaintiff finalized or handled.

16.     Plaintiff was paid a salary of $55,000.00 for her aforesaid job role, and her pay and salary remained the same regardless of actual hours worked.

17.     Compensation via salary is no indicator as to whether someone is overtime eligible. Rather, an employee must perform an "exempt" job role for a company to be ineligible for overtime compensation. Plaintiff's job role within Defendants *is uniformly known* throughout the United States and under applicable jurisprudence to be *unequivocally* a non-exempt role.

18.     Plaintiff was hired when the COVID-19 pandemic was beginning to peak, and Defendants lost many similarly situated employees. As result, Defendants relied very heavily on limited staff to complete very substantial workloads.

19.     Plaintiff worked early mornings, throughout long days, evenings, and weekends. Plaintiff estimates averaging approximately 60-hour workweeks (as she sometimes worked more).

20.     Plaintiff's overtime rate (if she were legally paid) was $39.66 per hour. Exclusive of a week in which Plaintiff was ill (and subsequently terminated for requiring medical attention), Plaintiff was not paid approximately $39,660.00 in overtime compensation (*without consideration* of double or liquidated damages, which are supposed to be "automatic").

21.     There are only 3 exemptions that Defendants generally argue or assert in overtime lawsuits, which are then in turn then rejected by courts in similar cases to this one. Hence, Plaintiff quickly addresses them factually to explain their inapplicability.

22.     Plaintiff was not a management or executive employee subject to the "executive exemption," as Plaintiff did not: (a) supervisor 2 or more employees; (b) make policies of Defendants; (c) hire and terminate employees; and (d) perform the primary duties of management of Defendants' organization. *See* 29 C.F.R. § 541.100.

23.     Plaintiff possesses a high school degree, no college degrees, and she does not hold any real estate or insurance licenses or certifications (as no such licensure was required for Plaintiff's routine role). She had prior experience in similar roles pre-hire (but that is irrelevant to an overtime-exemption analysis). Defendant could not assert that Plaintiff met the "professional" exemption from overtime, as this type of exemption is only applicable to individuals (such as doctors, lawyers, CPAs, and other professionals) who <u>require</u> an advanced "academic" degree in order to perform their job. *See* 29 C.F.R. § 541.301. The regulations exclude from the exemption any employees who learned the job over time, in an apprenticeship, or on-the job. *Id*; *see also e.g. Pignataro v. Port Auth.,* 593 F.3d 265, 271 (3d Cir. 2010)(affirming judgment in favor of helicopter pilots for non-payment of overtime because they lacked an advanced degree at a graduate level from a university and learning their jobs over a period of time or through apprenticeships renders any FLSA exemption inapplicable).

24.     Plaintiff cannot meet any "administrative" exemption(s) for <u>2</u> separate reasons. <u>First</u>, this exemption only applies to individuals who are not involved with providing the very service or product(s) offered by Defendants.[2] <u>Second</u>, it's well known that routine real estate-

---

[2] Employees such as human resources personnel, quality service employees, and other higher-level employees involved with administering the internal operations of a company are "administrative" employees because they internally administer the operations of the business (and are <u>unrelated</u> to revenue generation). Elaborating on this clear dichotomy, the Court in *Koehler v. Freightquote.com, Inc.,* 2015 U.S. Dist. LEXIS 89691, 46-47 (D. Kan. 2015), explained:

> The Ninth Circuit held in *Bratt v. County of Los Angeles* **that the "essence" of an administrative job is that an administrative employee participates in "the running of a**

related jobs that are far more complex than that of Plaintiff are non-exempt because: (a) they are

"routine;" (b) do not require any high-level or corporate-level discretion; and (c) based upon

standard procedures that must be followed.[3]

---

business, and not merely . . . the day-to-day carrying out of its affairs." 912 F.2d 1066, 1070 (9th Cir. 1990) (quotation omitted). More recently, the Ninth Circuit concluded that, **"The administration/production distinction thus distinguishes between work related to the goods and services which constitute the business' marketplace offerings and work which contributes to 'running the business itself.'"** *Bothell v. Phase Metrics, Inc.*, 299 F.3d 1120, 1127 (9th Cir. 2002) (quotation omitted). **The Seventh Circuit characterized the distinction this way: "[W]hen an employee is engaged in the core function of a business, his or her task is not properly categorized as administrative."** *Schaefer-LaRose v. Eli Lilly & Co.*, 679 F.3d 560, 574 (7th Cir. 2012).

*Koehler*, at ** 46-47. (emphasis added).

An employee can perform the most complex job on planet Earth, but if she is providing **the very service** that the company offers, she is a "production" employee, not administrative. S*ee also Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529, 535 (2nd Cir. 2009)("[W]e have drawn an important distinction between employees directly producing the good or service that is the primary output of a business and employees performing general administrative work applicable to the running of any business."); *Dalheim v. KDFW-TV*, 918 F.2d 1220, 1230 (5th Cir. 1990)(the dichotomy distinguishes between "those employees whose primary duty is administering the business affairs of the enterprise from those whose primary duty is producing the commodity or commodities, whether goods or services, that the enterprise exists to produce and market"); *Martin v. Cooper Elec. Supply Co*., 940 F.2d 896, 904 (3d Cir. 1991)(Only work that is "ancillary to an employer's principal production activity" is administrative.). **Plaintiff provided *the very core service* offered by Defendants, and thus was a "production employee," not an administrative employee (such as HR personnel or a controller who just internally administer the business itself).**

[3] *See e.g. Relyea v. Carman, Callahan and Ingham, L.L.P*., 2006 U.S. Dist. LEXIS 63351 (E.D.N.Y. 2006)(Real estate closers reviewing reports, certificates of occupancy, and handling insurance and other real estate paperwork at closings *could not possibly meet* the administrative exemption as they did not make business decisions within the company central to business operations **and** their responsibility was to primarily *offer the services offered by their employer, making them production employees*); *Solis v. A-1 Mortg. Corp*., 934 F. Supp. 2d 778 (W.D. Pa. 2013)(granting summary judgment to plaintiffs for overtime violations, as the evidence reflected plaintiffs' jobs consisted of working as real estate loan officers handling closings, which are non-exempt roles); *Bollinger v. Residential Capital, LLC,* 863 F. Supp. 2d 1041 (W.D. Wash. 2012)(granting plaintiff's motion for summary judgment because plaintiff's job of handling financial services and mortgage matters with clients of the defendant could not meet the administrative exemption, entitling plaintiff to overtime); *Barnett v. Wash. Mut. Bank*, 2004 U.S. Dist. LEXIS 15661 (N.D. Cal. 2004)(granting summary judgment to mortgage consultants and loan officers because they were primarily engaged in production and providing products for employer); *Pontius v. Delta Fin. Corp*., 2007 U.S. Dist. LEXIS 90268 (W.D. Pa. 2007)(Refusing to grant interlocutory appeal after granting plaintiffs summary judgment in collective action explaining that mortgage analysts and financial employees offering loan products or refinancing cannot meet the administrative exemption, **as they are merely production employees producing income for the business**).

25.     Defendants also violated state and federal wage laws by not **in any manner** *tracking Plaintiff's work time* while she was working all hours of the day and weekend to keep up with an overbearing workload, entitling a court to accept Plaintiff's "estimate" of hours worked each week.[4]

26.     Plaintiff's actual entitlement under the FLSA and applicable state law(s) is approximately **$79,320.00** as any owed overtime is automatically doubled.[5] This is separate and apart from costs, other penalties, and mandatory attorney's fees. *See* 29 U.S.C. § 216(b)(a prevailing plaintiff "shall" be entitled to attorney's fees).

27.     Defendant's reckless, willful and intentional violation of the FLSA and applicable state law(s) is further evidenced by *inter alia*:

> (A) It being obvious than anyone in Plaintiff's role nationally is entitled to overtime pay;

---

[4] The failure of an employer to abide by mandatory record-keeping of hours worked each day by an employee violates 29 U.S.C. § 211(c).  As a result, **an employee's estimates of hours typically worked may be accepted**. *See e.g. Zeng Liu v. Jen Chu Fashion Corp.*, 2004 WL 33412, at *8 (S.D.N.Y. 2004). An employee is not supposed to be prejudiced by having to prove with any specificity actual hours worked **due to** Defendants' own failure to abide by state and federal payroll and recordkeeping requirements.

[5] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

(B) The basic and fundamental failure to even attempt to comply with record-keeping laws; and

(C) Defendant are operated and overseen by a law firm that proclaims a mastery or specialty in "regulatory compliance," yet refuses to follow basic state and wage laws.

## Count I
## <u>Violations of the Fair Labor Standards Act ("FLSA")</u>
### (Overtime Violations)

28.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29.     At all times relevant herein, Defendants have and continues to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

30.     At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiff.

31.     At all times relevant herein, Plaintiff was employed with Defendants as an "employee" within the meaning of the FLSA.

32.     The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiff, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

33.     At all times during her employment with Defendants, Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

34.     Throughout Plaintiff's employment with Defendant, Plaintiff was never paid overtime compensation. As outlined *supra*, Plaintiff is owed approximately 79,320.00, plus legal fees, costs, and other equitable and legal damages available.

35.     Defendant's actions constitute willful violations of the FLSA.

**Count II**
**Violations of the Pennsylvania Minimum Wage Act ("PMWA")**
**(Overtime Violations)**

36.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37.     Defendants' failure to pay overtime in the aforesaid manners also constitutes a violation of the PMWA.

**WHEREFORE**, Plaintiff prays that this Arbitration enter an Order providing that:

A.     Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to past lost earnings and unpaid wages / overtime compensation;

B.     Plaintiff is to be liquidated damages as permitted by applicable law to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

D.     Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esq.
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  April 14, 2021

10

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| Wendy Friedrich | : | CIVIL ACTION |
| v. | : | |
| Terra Abstract, Inc., et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court.  (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                                        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.        (X )

| 4/14/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___5716 Keenan Court, Bensalem, PA 19020_____

Address of Defendant: ___1581 N. Main Street, Suite 200, Warrington, PA 18976_____

Place of Accident, Incident or Transaction: ___Defendants place of business_____

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes [ ]     No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes [ ]     No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes [ ]     No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes [ ]     No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __4/14/2021_____     _____     ___ARK2484 / 91538___
                              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

[ ]  1.  Indemnity Contract, Marine Contract, and All Other Contracts
[ ]  2.  FELA
[ ]  3.  Jones Act-Personal Injury
[ ]  4.  Antitrust
[ ]  5.  Patent
[X]  6.  Labor-Management Relations
[ ]  7.  Civil Rights
[ ]  8.  Habeas Corpus
[ ]  9.  Securities Act(s) Cases
[ ] 10.  Social Security Review Cases
[ ] 11.  All other Federal Question Cases
         *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

[ ]  1.  Insurance Contract and Other Contracts
[ ]  2.  Airplane Personal Injury
[ ]  3.  Assault, Defamation
[ ]  4.  Marine Personal Injury
[ ]  5.  Motor Vehicle Personal Injury
[ ]  6.  Other Personal Injury *(Please specify):* _____
[ ]  7.  Products Liability
[ ]  8.  Products Liability – Asbestos
[ ]  9.  All other Diversity Cases
         *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

[X]  Pursuant to Local Civil Rule 53.2, § 3(c ) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ]  Relief other than monetary damages is sought.

DATE: __4/14/2021_____     _____     ___ARK2484 / 91538___
                              *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

FRIEDRICH, WENDY

**(b)** County of Residence of First Listed Plaintiff    Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

## DEFENDANTS

TERRA ABSTRACT, INC., ET AL.

County of Residence of First Listed Defendant     Bucks
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| 1   U.S. Government Plaintiff | **X** 3   Federal Question *(U.S. Government Not a Party)* |
| 2   U.S. Government Defendant | 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance<br>120 Marine<br>130 Miller Act<br>140 Negotiable Instrument<br>150 Recovery of Overpayment & Enforcement of Judgment<br>151 Medicare Act<br>152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>153 Recovery of Overpayment of Veteran's Benefits<br>160 Stockholders' Suits<br>190 Other Contract<br>195 Contract Product Liability<br>196 Franchise | **PERSONAL INJURY**<br>310 Airplane<br>315 Airplane Product Liability<br>320 Assault, Libel & Slander<br>330 Federal Employers' Liability<br>340 Marine<br>345 Marine Product Liability<br>350 Motor Vehicle<br>355 Motor Vehicle Product Liability<br>360 Other Personal Injury<br>362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>365 Personal Injury - Product Liability<br>367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>370 Other Fraud<br>371 Truth in Lending<br>380 Other Personal Property Damage<br>385 Property Damage Product Liability | 625 Drug Related Seizure of Property 21 USC 881<br>690 Other | 422 Appeal 28 USC 158<br>423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>820 Copyrights<br>830 Patent<br>835 Patent - Abbreviated New Drug Application<br>840 Trademark | 375 False Claims Act<br>376 Qui Tam (31 USC 3729(a))<br>400 State Reapportionment<br>410 Antitrust<br>430 Banks and Banking<br>450 Commerce<br>460 Deportation<br>470 Racketeer Influenced and Corrupt Organizations<br>480 Consumer Credit<br>490 Cable/Sat TV<br>850 Securities/Commodities/ Exchange<br>890 Other Statutory Actions<br>891 Agricultural Acts<br>893 Environmental Matters<br>895 Freedom of Information Act<br>896 Arbitration<br>899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>210 Land Condemnation<br>220 Foreclosure<br>230 Rent Lease & Ejectment<br>240 Torts to Land<br>245 Tort Product Liability<br>290 All Other Real Property | **CIVIL RIGHTS**<br>440 Other Civil Rights<br>441 Voting<br>442 Employment<br>443 Housing/ Accommodations<br>445 Amer. w/Disabilities - Employment<br>446 Amer. w/Disabilities - Other<br>448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>463 Alien Detainee<br>510 Motions to Vacate Sentence<br>530 General<br>535 Death Penalty<br>**Other:**<br>540 Mandamus & Other<br>550 Civil Rights<br>555 Prison Condition<br>560 Civil Detainee - Conditions of Confinement | **LABOR**<br>**X** 710 Fair Labor Standards Act<br>720 Labor/Management Relations<br>740 Railway Labor Act<br>751 Family and Medical Leave Act<br>790 Other Labor Litigation<br>791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>462 Naturalization Application<br>465 Other Immigration Actions | **SOCIAL SECURITY**<br>861 HIA (1395ff)<br>862 Black Lung (923)<br>863 DIWC/DIWW (405(g))<br>864 SSID Title XVI<br>865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>870 Taxes (U.S. Plaintiff or Defendant)<br>871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| **X** 1 Original Proceeding | 2 Removed from State Court | 3 Remanded from Appellate Court | 4 Reinstated or Reopened | 5 Transferred from Another District *(specify)* | 6 Multidistrict Litigation - Transfer | 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:    **X** Yes     No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____     DOCKET NUMBER _____

DATE     4/14/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____     AMOUNT _____     APPLYING IFP _____     JUDGE _____     MAG. JUDGE _____

Print      Save As...      Reset